HEARD APRIL TERM, 1873.

## STATE *vs.* GRAHAM & CHAPEAU.

The principle of the preceding case of *The State* vs. *Chapeau & Heffron* re-affirmed.
No indictment, under the "Act to provide for a general license law," lies against a livery stable keeper for not paying for a license according to the rental value of his stable—the Act having prescribed no rate by which the sum to be paid is to be fixed.

IN THE CRIMINAL COURT OF CHARLESTON, JULY TERM, 1872.

The case is stated in the opinion of the Court.

*Hayne, Memminger, Porter*, for appellants.

*Whipper*, Solicitor, contra.

Aug. 18, 1873. The opinion of the Court was delivered by

MOSES, C. J. The first count of the indictment charges an offense against the appellants, under the same Act, and in the like terms of that in the case of *The State* vs. *Chapeau & Heffron*, in which the opinion of the Court has this day been filed. The same ground of defense has been interposed, and must prevail for the reasons there given.

The second count charges that the said Graham & Chapeau did engage in the business of keeping a livery stable in the County of Charleston without having paid into the treasury of the County "the sum of money required by law to be paid according to the rental value of the said livery stable," against the form of the statute, &c. The indictment assumes that, by the third Section of the "Act to provide for a general license law," 15 Stat., 195, a rate is fixed which a person engaging in such business is required to pay as the price of permission, or of a license to conduct it. A reference to the Section will show that no such exaction is made. Whether the Legislature, from inadvertence, omission, or any other cause, failed to express such a requisition as the context of the Act shows that they designed, the Court is not at liberty to supply any words which may operate to the prejudice of the parties charged. If the rate is not expressed in the Act, they have committed no wrong in not paying it, and are, therefore, not guilty of the offense alleged.

The motion to arrest the judgment is granted.

*Wright*, A. J., and *Willard*, A. J., concurred.